**UNITED STATES of America,**
**Appellee,**

v.

**Eleazar PEREYRA, Defendant–**
**Appellant.**

No. 10–2774–cr.

United States Court of Appeals,
Second Circuit.

June 30, 2011.

Douglas M. Pravda, William David Sarratt (on the brief), David C. James (on the brief), Assistant United States Attorneys (Loretta E. Lynch, United States Attorney), Eastern District of New York, Brooklyn, NY, for Appellee.

David J. Klem, Washington Square Legal Services, Inc., New York, NY, for Appellant.

PRESENT: PIERRE N. LEVAL, ROSEMARY S. POOLER, Circuit Judges, and DENISE COTE, District Judge.*

## SUMMARY ORDER

Eleazar Pereyra appeals his conviction for resisting arrest, *see* 36 C.F.R. § 2.32(a)(1), and disorderly conduct, *see id.* § 2.34(a)(1), on federal park land, for which he was sentenced to six months of probation and a $500 fine. Pereyra was convicted after, inter alia, trying to shove a police officer of the United States Park Police, resisting being handcuffed, and grabbing the police officer's holstered gun, while on a crowded beach. Pereyra principally argues that "[t]he trial court committed clear error in both crediting the contradictory accounts of the two witnesses and in failing to resolve the sharp factual disputes between those witnesses." Pereyra also contends that the arresting officer's testimony about how Pereyra grabbed his gun described a "physically impossible" maneuver that the court could

---

* The Honorable Denise Cote, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

not have credited. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

"When reviewing a claim of insufficiency of the evidence, 'the standard of review is exactly the same regardless whether the verdict was rendered by a jury or by a judge after a bench trial.'" *United States v. Pierce*, 224 F.3d 158, 164 (2d Cir.2000). "We will not disturb [a] conviction if, viewing the evidence in the light most favorable to the government, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Greer*, 631 F.3d 608, 613 (2d Cir.2011) (quoting *United States v. Xiao Qin Zhou*, 428 F.3d 361, 370 (2d Cir.2005)).

In light of these principles, we conclude for substantially the same reasons articulated by the district court that the evidence presented at trial is sufficient to support Pereyra's convictions.

We have considered all of Pereyra's remaining arguments and find them to be without merit. For the foregoing reasons, the district court's judgment is **AFFIRMED.**